John R. DALY, Jr., LCDR, U.S.N.,
Plaintiff—Appellant,

v.

FESCO AGENCIES NA INC.; Fesco Intermodal Inc.; Far Eastern Shipping, Far Eastern Shipping Co. PLC, Defendants—Appellees.

Nos. 03–35052, 03–35232.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided Aug. 23, 2004.

Paul Orfanedes, Michael J. Hurley, Larry Klayman, Esq., Judicial Watch, Inc., Washington, DC, Richard A. Bersin, Esq., Law Office of Richard A. Bersin, Bellevue, WA, for Plaintiff–Appellant.

Marc E. Warner, Esq., LeGros, Buchanan & Paul, Seattle, WA, for Defendants–Appellees.

Before: B. FLETCHER, HAMILTON, and BERZON, Circuit Judges.

## MEMORANDUM *

John R. Daly, Jr. appeals the district court's judgment and award of costs following a jury trial in Daly's diversity action against Far Eastern Shipping Company and related companies ("FESCO"). The issues raised by Daly on appeal are subject to review under an abuse of discretion standard. *See Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1507 (9th Cir.1995) (reviewing "issues related to the management of trial" for an abuse of discretion). We find no abuse of discretion and affirm the judgment and award of costs. Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

1. The district court did not abuse its discretion in imposing and enforcing time limits for the trial. *See Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir.1997) (noting that courts have broad authority to impose reasonable time limits). The parties originally projected that the trial would take a total of seven days. After

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

both parties requested five days per side during the pretrial conference, the district court allowed each of the parties to have an extra half-day, for a total of eight days.

Daly repeatedly attempts to blame the judge's vacation schedule for the limited time allotted for the trial. Additional time could have been allotted, however, on Thursday, October 16, 2002, without conflicting with the judge's vacation plans or the Columbus Day holiday, especially as the judge had arranged for the verdict to be taken in his absence if necessary. Further, Daly never moved during trial for additional time. *See Monotype Corp. v. Int'l Typeface Corp.*, 43 F.3d 443, 451 (9th Cir.1994) (finding no abuse of discretion where defendant objected to the time limits before trial but did not request more time at trial). We hold that the district court did not abuse its discretion.

■ 2. The district court also acted within its discretion when it refused to allow Rear Admiral Cramer to testify. Cramer could not possibly have personal knowledge of the extremely broad range of facts about which he supposedly would have testified. Yet, he was not listed as an expert in either the initial disclosure or the "errata" sheet, nor did Daly comply with respect to Cramer with the rules regarding the disclosure of expert testimony. Fed.R.Civ.P. 26(a)(2).

■ Further, even if Cramer could have given his testimony without being subject to the expert witness disclosure requirements, the district court still had authority to exercise its discretion and exclude the witness based on unfair surprise and prejudice to FESCO. Fed.R.Evid. 403. Given the substantial difference between the content of the initial disclosure and proposed testimony in the "errata" sheet, it would have been unfair to FESCO to allow Cramer to testify concerning the wide range of matters disclosed for the first time in the "errata" sheet a few days before trial. There had been no opportunity for discovery regarding Cramer's knowledge of those matters.

■ 3. The district court did not abuse its discretion in refusing to allow Senator Robert Smith to testify. Among the reasons the district court gave for refusing to hear Senator Smith were that the proposed testimony related to issues that were the subject of the plaintiff's case-in-chief and therefore was not properly rebuttal and that Senator Smith was not identified in the pretrial order. These related reasons are sufficient to justify exclusion.

Daly's attorney initially misread Local R. Cr. P. 16(h)(6) regarding an exception for rebuttal witnesses from the pretrial statement requirements for listing witnesses. Daly believed that the local rule stated that "[r]ebuttal witnesses, the necessity of whose testimony can be anticipated before trial, need not be named." Rule 16(h)(6) actually states that "[r]ebuttal witnesses, the necessity of whose testimony **cannot** be anticipated before trial, need not be named." (emphasis added).

Smith does not qualify as a rebuttal witness whose testimony could not be anticipated. Daly knew that the adequacy of the Office of Naval Intelligence ("ONI") investigation would play a central role in the trial. Smith's proposed testimony primarily concerned the adequacy of the ONI investigation. As Smith was not disclosed as a witness before the final minutes of Daly's allotted time during trial, the district court did not abuse its discretion in refusing to allow him to testify.

■ 4. The district court did not abuse its discretion in prohibiting Terrence Kessler, Daly's laser expert, from testifying about an experiment belatedly disclosed.

Under Fed.R.Civ.P. 26(a)(2), disclosures regarding expert testimony must be made at least 90 days before trial or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party [in its complete disclosure of expert testimony under 26(a)(2)(B) ], within 30 days after the disclosure made by the other party." After Kessler's initial expert report analyzed the Naval Surface Warfare Center ("NSWC") report on laser imaging and highlighted ten specific flaws, FESCO's expert responded, concluding that the NSWC report was sound. On the deadline for Kessler's rebuttal report, Daly produced an "addendum." The "addendum" in part responded directly to claims made by FESCO's expert, but also included the results of an experiment conducted by Kessler that cast new doubts on the NSWC report.

The district court initially granted FESCO's motion in limine and excluded the entire addendum, but later reconsidered the order and determined that the testimony regarding the portions of the addendum that constituted rebuttal would be permitted. The district court maintained that the results of Kessler's recent experiment were not rebuttal evidence as defined by 26(a)(2), and so excluded testimony concerning those results. In so ruling, the district court acted consistently with Rule 26(a)(2) and did not abuse its discretion.

■ 5. The district court did not abuse its discretion by refusing to allow Daly's counsel to reference the book *Betrayal: How the Clinton Administration Undermined National Security* by Bill Gertz, during redirect questioning of Daly. Daly's attempts to explain away the obvious hearsay problems are unconvincing.

6. Daly's allegations of prejudice resulting from the actions of the district judge are similarly without merit. The judge's comments and actions were well within the bounds of proper judicial behavior.

■ 7. Pursuant to Fed.R.Civ.P. 54(d)(1), the district court awarded costs to FESCO, the prevailing party. There is a strong presumption that the prevailing party will be awarded costs. If the district court nonetheless denies costs to the prevailing party, it must "specify reasons" for denying costs, which this court reviews on appeal. *Ass'n of Mexican–American Educators v. California,* 231 F.3d 572, 591–92 (9th Cir.2000) (en banc). A district court's decision to award costs will not be overturned except in cases of abuse of discretion. *Trans. Container Servs. v. Security Forwarders, Inc.,* 752 F.2d 483, 488 (9th Cir.1985).

Daly raises the same issues on appeal that the district court considered before denying his motion to retax costs. Judicial Watch, which has considerable resources, had agreed in its retainer with Daly to pay expenses incurred in prosecuting the lawsuit. That agreement is certainly a factor that the district court, in its decision to award costs, was free to consider regarding Daly's financial resources. We find that the district court acted well within its discretion in awarding costs to FESCO.

Because we affirm the judgment and award of costs, we need not further discuss the district court's order requiring Daly to post security pending appeal, as the issue is moot.

**AFFIRMED.**